INTERSTATE UNDERWRITING AGENCIES, INC., a Florida corporation, Interamerican Syndicate, Inc., a Florida corporation, and Financial Premium Service, Inc., a Florida corporation, Plaintiffs,

v.

William GUNTER, etc., et al., Defendants.

No. 84–1978–CIV.

United States District Court, S.D. Florida, Miami Division.

Nov. 18, 1985.

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES

SPELLMAN, District Judge.

Plaintiffs, a general lines insurance agency, an insurance syndicatee, and a business entity, respectively, instituted this suit on August 20, 1984.[1]  Plaintiffs al-

1. Because this matter was heard in its entirety before this Court, and pursuant to Judge William Hoeveler's Order of February 7, 1985, this case was referred to this Court for disposition of pending motions.

leged that their constitutional rights and privileges were being violated by an injunction issued by a state court, in contravention of 42 U.S.C. § 1983. Damages and declaratory and injunctive relief were sought, as were attorneys' fees, pursuant to 42 U.S.C. § 1988.

The state suit involved a Verified Petition for an Order to Show Cause and Temporary Injunction and for Entry of an Order of Seizure against Universal Casualty Insurance Company, filed by Gunter and Rubin, two of the defendants herein, on August 15, 1984. The Petition requested that the state court enjoin the plaintiffs herein from disposing of or transferring any funds, assets, or any other property which belonged to Universal.

Plaintiffs herein requested an emergency hearing, and sought a Temporary Restraining Order, a Preliminary Injunction and other relief against the defendants. Such a hearing was held before the undersigned Judge, by emergency assignment, on August 23, 1984.

At the hearing, the Court addressed the issue of abstention when confronted with plaintiffs' request to enjoin an action before the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida from going forth. This Court did not have an opportunity to formally abstain, since the plaintiffs gave notice of and were granted a voluntary dismissal, once the Court's views were made clear to the parties.

Subsequently, the defendants moved for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. The Court is inclined to grant the motion.

The Civil Rights Attorney's Fees Awards Act of 1976 ("Fees Act"), 42 U.S.C. § 1988 provides in pertinent part:

> [T]he Court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In light of the plaintiffs' voluntary dismissal, the Court will direct its discussion to two issues. First, whether the defendants are a "prevailing party," and second, whether a voluntary dismissal precludes an award of attorneys' fees.

### I

A defendant seldom, if ever, is the party seeking remedial relief or a vindication of rights. Therefore, the "catalyst test" applied to plaintiffs seeking attorneys' fees is not appropriate. *See Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir. 1981).[2] Rather, a different standard is applied. Fees may be awarded to prevailing defendants only where the plaintiff's claim is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)).

Defendants' memorandum in support of their motion accurately reflects the factual and legal posture of this case. There is little doubt that plaintiffs brought this action with full knowledge that this Court was not in a position to grant any relief, and more importantly, that plaintiffs were not entitled to any relief. At the very least, the record contains sufficient bases to support defendants' claim that this suit was without foundation.

### II

Had the defendants moved for attorneys' fees under the sanctions provisions of Rule 11 of the Federal Rules of Civil Procedure, this Court would be without jurisdiction to enter any orders, in light of plaintiffs' voluntary dismissal. *See Williams v. Ezell,* 531 F.2d 1261 (5th Cir.1976).

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case law and the legislative history of the Fees Act, however, provide an alternate basis of jurisdiction for this Court in civil rights actions. As a matter of law one may prevail for purposes of the Fees Act even though the action was voluntarily dismissed. *Fields v. City of Tarpon Springs, Fla.*, 721 F.2d 318, 321 (11th Cir.1983) (award of attorneys' fees was not an abuse of discretion even though case was voluntarily dismissed where plaintiffs had satisfied catalyst test). *See also DeMier v. Gondles*, 676 F.2d 92 (4th Cir.1982).

Legislative history of the Fees Act is consistent with the Eleventh Circuit's view:

A prevailing defendant may also recover its fees when the plaintiff seeks and obtains a voluntary dismissal of a groundless complaint.

H.Rep. No. 94–1558, 94th Cong., 2d Sess. 7–8 (1976).

### III

■ As to the amount of the award, the Court finds that under the analysis set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), the defendants are entitled to an award of $13,500.00. Close to one hundred hours were spent in preparation of this case, and the level of skill demonstrated by the team of attorneys arguing on defendants' behalf was truly impressive. And, because this Court's time was fairly monopolized by the activity in this case for approximately three and one-half days, it would be fair to assume that counsel's time was likewise tied up, thereby precluding the three man firm from working on other matters. In all other areas mentioned in *Johnson, supra,* the defendants' counsel have convinced the Court that the affidavits filed on their behalf do reflect a fair determination of the amount to be awarded.[3]

Based on the above and foregoing, it is hereby

ORDERED AND ADJUDGED that defendants' motion for attorneys' fees is GRANTED. Counsel for the defendants shall be awarded an award, payable by plaintiffs, in the amount of thirteen thousand five hundred dollars ($13,500.00).

---

**3.** The Court would like to point out that defendants' motion for attorneys' fees was filed on October 18, 1984. No response was filed by the plaintiff to refute the arguments set forth in defendants' memorandum of law.