Robert D. WESTMORELAND, and all others similarly situated, Plaintiff,

v.

J.I. CASE COMPANY, Defendant.

No. 87–C–642.

United States District Court,
E.D. Wisconsin.

May 26, 1989.

Fair Employment Legal Services by John Uelmen, Milwaukee, Wis., for plaintiff.

Frisch, Dudek & Slattery by Dennis M. Grzezinski, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Robert D. Westmoreland filed this Title VII action on behalf of himself and "all others similarly situated" alleging that the defendant discriminated against him on the basis of race when it declined to promote him to any of the four positions for which he had applied. The plaintiff has now filed a motion for voluntary dismissal pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. The defendant, J.I. Case Company, proposes that the dismissal be granted with prejudice and that the court award both costs and a portion of its attorney's fees. For reasons stated herein, the action will be dismissed with prejudice; however, each side will bear its own costs.

This action was filed pro se on May 26, 1987. Six months later, Mr. Westmoreland retained counsel. At a status conference on May 12, 1988, the parties indicated that they were engaged in settlement discussions; however, the defendant stated that it intended to file a motion for summary judgment if no settlement was achieved. The court imposed a deadline of September 30, 1988, for the motion. No settlement resulted and on April 13, 1989, the defendant filed its summary judgment motion. The plaintiff failed timely to oppose the motion and instead, filed a motion on May 17, 1989, voluntarily to dismiss the action.

The plaintiff has pleaded a prima facie case of disparate treatment in conformity with *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875, 104 S.Ct. 2794, 2799, 81 L.Ed.2d 718 (1984). The complaint asserts: 1) that he belongs to a racial minority; 2) that he applied and was qualified for various vacant positions that the defendant was attempting to fill; 3) that he was rejected for each position; and 4) that with the exception of one of the four positions which was subcontracted out, the positions were offered to other less qualified individuals who did not belong to a racial minority.

In its answer, the defendant denies that the plaintiff is more qualified than those ultimately chosen for the positions and asserts that the plaintiff did not know what the qualifications were for those positions. The defendant's belated, but unopposed, summary judgment motion supports these assertions with affidavits; it also articulates a legitimate business reason for sub-

contracting out the position which was never refilled.

In his motion for voluntary dismissal the plaintiff, by way of his counsel's affidavit, asserts that recognition of problems of proof required that the litigation be ended despite the fact that the action was based on a good faith belief that the defendant had engaged in race discrimination.

The public policies underlying Title VII require that a prevailing defendant be entitled to attorney's fees only upon a showing that:

> ... [A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

On the foregoing record, it cannot be said that the plaintiff's action was clearly frivolous. In fact, the plaintiff made the commendable decision not to continue to litigate after it became apparent that he would not be able to meet his burden of proof.

The plaintiff should not be penalized for doing precisely what he should have done. To award attorney's fees under these facts would undermine the direction of Congress that private Title VII plaintiffs are the chosen instrument for the enforcement of the civil rights laws. *See Eichman v. Linden & Sons, Inc.*, 752 F.2d 1246, 1248 (7th Cir.1985). The court would create a disincentive to the enforcement of civil rights laws if Title VII plaintiffs were required to risk attorney's fees upon discovery that the employer's articulation of a non-discriminatory reason for the adverse employment decision posed insurmountable problems of proof.

The defendant has expended considerable resources in defending against the plaintiff's action and therefore should not be required to risk having to do so again in the future.

Therefore, IT IS ORDERED that the plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed, with prejudice, each side to bear its own costs.