Jack McGREGOR, Plaintiff,

v.

BOARD OF COUNTY COMMISSION-
ERS FOR PALM BEACH
COUNTY, FLORIDA, Defendant.

No. 87–8438–CIV–JAG.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

April 3, 1990.

Mark Cullen, West Palm Beach, Fla., for plaintiff.

Glen Torcivia, West Palm Beach, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the defendant, the Board of County Commissioners for Palm Beach County, Florida (the Board or the County), to assess costs and attorneys' fees. The plaintiff, Jack McGregor (McGregor) has filed a response and the defendant has replied.

McGregor was an internal auditor working for Palm Beach County until he was fired. He filed suit against the County and alleged the following claims:

Count I—42 U.S.C. § 1983 (deprivation of due process)

II—same (First Amendment right to free speech)

III—breach of employment contract

IV—Florida Whistleblower statute

By order dated December 9, 1987, this court dismissed counts I for lack of a property interest protected by the Fourteenth Amendment and IV for failure to exhaust administrative remedies. The plaintiff later amended Count IV to allege exhaustion of administrative remedies. The case was set for trial on the two-week calendar beginning July 24, 1989. On July 19, 1989, the plaintiff moved for a voluntary dismissal of all claims. The defendant objected to dismissal. On August 3, 1989, this court dismissed the case without prejudice and explicitly retained jurisdiction to award costs and attorneys' fees, as appropriate. The plaintiff agreed, in his motion for dismissal, that he would pay the defendants' costs.

The County now moves for an award of costs and attorneys' fees.

■ First, the bill of costs is straightforward. The County is seeking a total of $780.10 for costs. The first category of requested costs is for copying. The defendant seeks recovery for 500 pages of copying at 25 cents per page. Glen Torcivia, counsel for the County, alleges that these costs were necessarily incurred and consisted of copies of the plaintiff's audits completed during his term of employment and other documents regarding McGregor's job performance. Section 1920(4), title 28 of the U.S. Code, allows for an award of costs for copies necessarily obtained for use in the case.

McGregor objects that the request is vague. As shown above, the defendant has offered a sufficiently detailed itemization including the number of pages copied, the price charged, and the nature of the documents. Surely, the defendant is not required to show the court each document for its independent review. The plaintiff also claims that because the County possesses all of the documents which were copied, the copies were merely for the convenience of counsel. However, as noted by the County, section 119.031, Florida Statutes, requires public records to be kept in the building where they are used or stored. Therefore, it would be unrealistic to ask County attorneys to travel to each public office whenever they needed to look at a document, especially since all of the documents related to the County's defense that the plaintiff was fired because of poor job performance.

The second category of costs sought is for court reporter fees incurred in taking the plaintiff's deposition in the sum of $655.10. Once again, the County alleges that this deposition was necessary for trial preparation. McGregor objects because the deposition was not actually received until after the time that the trial was scheduled to be held. However, the County immediately ordered the transcript after it was held. When the defendant found out that the plaintiff was seeking a voluntary dismissal, he told the court reporter not to rush and that expedited service was not required. The reporter had already completed a significant portion of the deposition and the defendant wanted the transcript even if this case was dismissed because the dismissal in this case was without prejudice. Indeed, the plaintiff has implied that this case would be refiled. Section 1920(2), title 28 of the U.S. Code, allows for recovery of court reporter costs when necessarily obtained.

The defendant's bill of costs shall be granted. Under the facts of this case and

section 1920, the requested amounts are allowable. Moreover, the plaintiff agreed to pay defendant's costs if the motion for a voluntary dismissal was granted. Because of this, the defendant's objections, even though unmerited, should not be considered by the court.

The Board is also moving to recover its attorney's fees. The defendant's motion is based on Federal Rule 11, 42 U.S.C. § 1988 (allowance of attorneys' fees to prevailing party in civil rights actions), and two Florida statutes which also allow attorneys' fees under the claims asserted in Counts III and IV of the amended complaint.

Glen Torcivia, counsel for the Board, has filed an affidavit supporting this fee request. He requests the highly reasonable fee of 75 dollars per hour. This was his billing rate while he worked on the case as an assistant county attorney. When he left that position and entered private practice, his regular fee increased to $150 per hour. However, Torcivia agreed to continue handling the case for the lower rate. He also claims that all fees incurred were necessary and that certain minor and duplicative hours were excluded from the request. This motion covers 78.6 hours as an assistant county attorney and 54.5 hours in private practice for a total of 135.1 hours of work. Torcivia also offers evidence that he has worked on a significant number of labor related cases and concentrates his practice in this field. The plaintiff does not object to the reasonableness of the award, but opposes his liability under the various statutes.

■ As to Count I, the County seeks to impose Rule 11 sanctions against the plaintiff because the claim for deprivation of due process allegedly lacked any colorable legal basis. In this court's previous order dismissing this claim, controlling law from the Eleventh Circuit and Florida was cited. When the complaint was originally filed, the plaintiff should have reasonably realized, from basic legal research, that an "at will" employee does not have a property interest that will invoke the procedural protections of the 14th Amendment.

■ As to count II, the defendant also moves for Rule 11 sanctions. However, this contention is more troublesome.

Count II is rooted in a First Amendment claim that McGregor was fired from his job because he exercised his First Amendment right to free speech. This count was not dismissed by the court and was viable at the time the case was set for trial.

The Board asserts that Rule 11 sanctions are merited because the plaintiff has failed to come forward with any evidence of a factual basis for Count II. The defendant is quite correct that Federal Rule 11 requires counsel to assess both the legal and factual merit to a claim or defense prior to its assertion. However, the procedural posture of this case makes it difficult to assess the *legal* reasonableness of plaintiff's claim. The case was dismissed prior to trial. If the defendant truly believed there was no factual basis for Count II, it should have moved for summary judgment pursuant to Federal Rule 56. Of course, even in the absence of such a motion, the court could have assessed sanctions after the close of all evidence at trial had there been an absence of a colorable factual basis for the First Amendment claim. It also goes without saying, however, that this would require a trial which did not occur here.

The parties each claim it is the other's burden to prove or disprove the factual basis for Count II. The County, as the Rule 11 movant, asserts the plaintiff should come forward now with all its evidence to rebut the motion. The plaintiff asserts his claim was reasonably advanced and it is the County's duty to affirmatively prove entitlement to a Rule 11 award.

To accept the plaintiff's position would require the County to prove a negative. However, the defendant is seeking the relief under the rule and must present a prima facie argument that Rule 11 is applicable. The County took discovery in this case and could have come forward, as already noted, on a Rule 56 motion to challenge the factual sufficiency of Count II. Moreover, the defendant could have produced evidence in conjunction with the

present motion that *all* discovery it had conducted to date (including the plaintiff's deposition which the County took) failed to raise a factual issue. While this court would have considered such evidence, such determinations would involve a new round of satellite litigation tangential to the merits of the case, consumptive of the court's limited resources, and not within the reasonable scope of the rule. To determine the legal sufficiency of a filing, the court need only consider the face of the pleading and the applicable law. However, assessing the factual sufficiency of a claim for Rule 11 purposes is difficult even after a Rule 56 motion or a trial. In the absence of such a full, adversarial presentation, the court lacks the facts to apply the ultimate test of whether counsel's decision was reasonable. Therefore, the defendant's motion for an award of Rule 11 sanctions as to Count II cannot be granted.

Finally, the County attempts to recover its attorney's fees under various statutory exceptions to the American Rule. As to Counts I and II involving federal, civil rights claims, the defendant relies upon 42 U.S.C. § 1988. Under the two state claims for breach of contract (Count III) and violation of the Florida Whistle–Blower Act (Count IV), the County cites FLA.STAT. ANN. § 448.08 and § 112.3187(9)(d), respectively.

First, as to the two federal counts, section 1988 allows recovery of reasonable attorneys' fees. The initial inquiry is whether the movant has satisfied the statutory prerequisite of being a "prevailing party". To prevail under section 1988, a party need not recover on all claims. Partial success can result in an award of fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). While the degree of success in relation to the total focus of the case may mitigate the size of the award, it does not bar the party's eligibility to recover. *See Texas State Teachers Association v. Garland Indep. School Dist.*, —— U.S. ——, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989).

Defendants may recover under section 1988 if they are prevailing parties. Had Congress intended to only offer a remedy for the complaining plaintiff, it certainly could have expressed its intention in the statute. By using the term "party", any named litigant may move for relief under this section. Indeed, it is conceivable that both parties can recover for their degrees of success in the case. For example, should the plaintiff prevail on one claim and lose on another, both litigants could argue that they were prevailing parties under the statute.

But, the standard for awarding attorneys' fees pursuant to section 1988 to prevailing defendants is more restrictive than prevailing plaintiffs. Under the statute, a plaintiff recovers its attorneys' fees as a matter of course. A defendant, however, must show that the plaintiff's claim was "frivolous, unreasonable, or groundless" to recover. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978); *Popham v. City of Kennesaw*, 820 F.2d 1570, 1582 (11th Cir.1987); *Church of Scientology of Calif. v. Cazares*, 638 F.2d 1272, 1290 (5th Cir.1981); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 545 (5th Cir.1978). The stated rationale is that Congress believed plaintiffs would be encouraged to sue to enforce their civil rights if they would not incur the expense of attorneys' fees.

As to Count I, this court can award attorneys' fees under section 1988, since there was *no* legal basis for this claim. As to the remaining three counts, there can be no such finding. Counts II and III were found to be legally sufficient when this court denied the defendant's motion to dismiss as to these claims. Count IV was dismissed, but the plaintiff filed an amendment to allege the requisite exhaustion of administrative remedies. The court never determined the factual sufficiency of any claim as there was no trial or Rule 56 motion. Therefore, this court cannot award attorneys' fees pursuant to section 1988 for the plaintiff's assertion of Counts II through IV.

The County also seeks to recover under the two state law claims. Relying upon

FLA.STAT.ANN. § 448.08 and § 112.3187(9)(d), the defendant claims it is a prevailing party under these sections, thereby entitling it to an award of reasonable attorneys' fees incurred in defending this action.

In determining the defendant's entitlement under these sections, the court is bound by these provisions as they constitute substantive bases of liability, rather than procedural practices of the state of Florida. *See Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. of Martin County,* 493 So.2d 1136, 1137 (Fla. 4th DCA 1986). In addition, a defendant is a prevailing party within the meaning of the term as used in these two statutes when a plaintiff voluntarily dismisses an action. *Id.; Hatch v. Dance,* 464 So.2d 713, 714 (Fla. 4th DCA 1985).

■ ˙Section 112.3187(9)(d) is clearly applicable in this case as it entitles the prevailing party on a Florida Whistle–Blower claim to recover reasonable attorneys' fees.

In terms of the application of section 448.08, the question is whether Count III of the amended complaint was an action to recover back wages. This count was labeled by the plaintiff as a breach of employment claim. However, the allegations in Count III explicitly request an award of monetary compensation allegedly owed to the plaintiff under his contract with the County. Further, the plaintiff himself prays for an award of attorneys' fees "[i]nasmuch as this is an action based upon a claim for wages ... pursuant to Florida Statutes". Given these facts and the plaintiff's failure to allege the application of any other section of the Code, it is apparent that the defendant is correct in labeling Count III as an action within the purview of FLA.STAT. § 448.08. *Also see James Gardner Corp. v. Twomey,* 496 So.2d 946 (Fla. 2nd DCA 1986) (section 448.08 applies to claims for unpaid monies owing under a contract).

The plaintiff's final effort to avoid a fee award is the alleged misconduct by the defendant's counsel in negotiating the settlement of this matter. The court finds that the complained of activity did not constitute misconduct, but was mere negotiation by the defendant's counsel. McGregor decided to dismiss this action and agreed, in his motion, to pay the defendant's costs. There was no misconduct by opposing counsel sufficient to raise any colorable claim of estoppel. The plaintiff should not be heard now to complain that he made a bad decision or a bad bargain in agreeing to pay for the costs of this action.

In summary, the court finds that the defendant County is entitled to an award of reasonable attorneys' fees given the plaintiff's assertion of a legally insufficient claim under Count I under Federal Rule 11 and section 1988. The defendant is also entitled to an award of attorneys' fees under the two state, fee-shifting statutes as a "prevailing party". Unlike section 1988, there is no reason to treat the plaintiff and the defendant differently under these provisions. Finally, the defendant is entitled to an award of all costs requested as both legally justified and as agreed to by the plaintiff.

There is one difficulty. The defendant has offered a total fee request for the whole case without allocating his fees among the different counts. It is doubtful that the Board's counsel would be even able to make such a distinction. It would appear that most of the discovery as to Count I was also applicable to the other claims. Further, given the low hourly rate charged and the fact that the defendant recovered attorney's fees under 3 of the 4 counts, the court finds the full amount of the fee request to be properly awardable and reasonable under the circumstances of this case.

Having considered the motion, and being otherwise advised as to the record in this cause, it ˙is hereby

ORDERED AND ADJUDGED that the motion of the defendant Board for an award of costs and attorneys' fees is GRANTED. The defendant's bill of costs is hereby APPROVED in the total amount of $780.10.

Pursuant to Federal Rule 11, 42 U.S.C. § 1988, and FLA.STAT. §§ 448.08 and 112.-

3187(9)(d), attorney's fees shall be awarded to the defendant Board in the total sum of $10,032.50.

In awarding attorneys' fees, the court considers the lodestar figure of 135.1 hours multiplied by the hourly fee of $75 to represent a reasonable fee. Upon careful consideration of the possible adjustments to the lodestar amount, the court specifically finds no change in the amount to be appropriate. *See Fitzpatrick v. Internal Revenue Service*, 665 F.2d 327, 331–32 (11th Cir.1982); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); *cf. Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988).

Judgment shall be entered by separate order of this court for the total amount of attorneys' fees and costs awarded.

DONE AND ORDERED.