FLEETWOOD et al. v. MILWAUKEE ME-
CHANICS INS. CO.
No. 918.

United States District Court
S. D. Missouri, W. D.

Jan. 26, 1950.

See also 87 F.Supp. 353.

E. C. Hamlin, Sesco V. Tipton, Springfield, Mo., attorneys for plaintiffs.

Farrington & Curtis, Springfield, Mo., attorneys for defendant.

REEVES, Chief Judge.

■ After this case was removed to the federal court the plaintiffs filed a motion to remand upon the ground that the amount in controversy was insufficient to confer jurisdiction. There was no question of a diversity of citizenship and an examination of the complaint shows the amount in controversy to be adequate to confer jurisdiction here. Apparently after the defendant had taken steps to remove the case plaintiffs sought to amend their complaint so as to reduce the amount in controversy. This effort was too late and as the complaint now stands the court has jurisdiction.

■ 1. While the motion for security for costs was properly made and verified by one of the attorneys for the defendant yet the motion was based upon failure of plaintiffs to pay costs adjudged against them in a state court proceeding in this case. This court is informally advised that these costs have been paid although such payment was made after the motion for costs was filed. Under such circumstances it would appear that the plaintiffs would be responsible for and disposed to pay whatever costs might be adjudged against them. The motion, therefore, for security for costs will be overruled.

■ 2. The motion to make more definite and certain performs the function of a bill of particulars and as is well known, the rule relating to bills of particulars has been deleted by amendment from the Federal Rules of Civil Procedure, 28 U.S.C.A. The identical information can be obtained under the numerous discovery rules. This can be done by request for admissions, by interrogatories, or by depositions. Accordingly, this motion, too, should be and will be overruled.

■ 3. The motion to dismiss Count II is ruled by Section 5932, Mo.R.S.A. By this count the plaintiffs seek damages for failure of the defendant to repair their insured properties after a partial loss. The statute mentioned nullifies the option of the insurer, as provided in its policy, and

grants to the assureds or policyholders the option either to have their property repaired in case of partial loss, or to claim damages for the amount of the loss. Whether the plaintiffs were required to exercise such option before suit is not here for determination. It is sufficient to say that as the record now stands the plaintiffs have a right to maintain the action under the authority of Payne v. Bankers & Shippers Ins. Co., 229 Mo.App. 901, 77 S.W.2d 183. The motion to dismiss will therefore be overruled.