William E. CORCORAN and Vincent Vegnani, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

Civ. A. No. 61–216–C.

United States District Court
D. Massachusetts.

May 1, 1961.

John V. Harvey, Belmont, Mass., for plaintiffs.

Edward F. Mahony, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of tort for personal injuries commenced by plaintiffs in the District Court of Natick, Massachusetts. The ad damnum in the writ, which was

appropriate cases, but they are neither necessary nor practicable in this case.

returnable on March 4, 1961, is in the amount of $25,000. On March 6, 1961, counsel for the defendant filed a special appearance in the District Court of Natick solely for the purpose of effecting removal of the action to the United States District Court for the District of Massachusetts under the provisions of Title 28 U.S.C. § 1441.

On March 14, plaintiffs filed a motion to reduce the ad damnum from $25,000 to $9,000, together with a certificate by counsel for the plaintiffs to the effect that a copy of the motion to reduce ad damnum and notice that the motion had been marked for hearing on March 22, 1961, at 9:00 a. m., had been mailed to counsel for the defendant.

During oral argument of plaintiffs' motion to remand filed with the Clerk of this court, both counsel argued as to the legal status of this case as though the motion to reduce ad damnum had been allowed on March 22, 1961, as alleged in the motion to remand. It is elementary that argument of counsel is not evidence, and in the absence of either a certified copy of the record of the Natick District Court indicating that the motion to reduce ad damnum was, in fact, allowed, or a formal stipulation by counsel to that effect, the motion to remand is denied. However, since it has been established by the Supreme Court of the United States in Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334, that the right to remove is to be determined according to the state of the plaintiff's pleading at the time of the petition for removal, the critical date as of which this Court must examine the state of plaintiffs' pleading to determine removability is March 23, 1961, the date on which the petition for removal was filed in the office of the Clerk of this court by counsel for defendant. See, also, Stuart v. Creel, D.C.S.D.N.Y.1950, 90 F. Supp. 392, 393. If, within ten days from the date hereof, a certified copy of the record of the Natick District Court indicating that the motion to reduce ad damnum was allowed on or before March 22,

1961, is filed with the Clerk of this court, or if counsel file a stipulation to that effect with the Clerk of this court, then the motion to remand will be allowed.