Billy D. EADDY, Plaintiff,

v.

Marlene LITTLE, Defendant.

Civ. A. No. 8195.

United States District Court
E. D. South Carolina,
Florence Division.

Oct. 15, 1964.

June O. Yarborough and C. R. Parrott, Florence, S. C., for plaintiff.

C. Weston Houck, Florence, S. C., for defendant.

HEMPHILL, Chief Judge.

Motions seek removal from State to Federal Court on part of defendant, Remand to State Court on part of plaintiff, Motion for Voluntary Nonsuit without prejudice if removal is sanctioned, Motion for allowance of reduction of demand

below jurisdictional[1] amount to accomplish remand urged by plaintiff, and Motion to assess costs against plaintiff, made by defendant, in event the voluntary nonsuit was granted.

Original action, commenced in the Court of Common Pleas for Florence County, South Carolina, January 22, 1963, contained complaint prayer for Fifty Thousand Dollars actual damages, included as co-defendant one Donald Hunter of Lancaster County, South Carolina. At the November, 1963, term of that Court the case was tried, resulted in a verdict for plaintiff for Five Hundred Dollars which was arrived at after Hunter had been dismissed of liability upon grant of a nonsuit as to him. The trial judge granted motion for a new trial leaving issues joined as to present plaintiff, of South Carolina, and present defendant, of North Carolina.[2] On November 22, 1963 counsel for present defendant filed Petition and Bond for Removal of the cause from the State Court to the United States District Court for the Eastern District of South Carolina, Florence Division. Defendant, upon the filing of such Petition and Bond became the moving party as to such removal.[3]

Section 1441(a) of Title 28 of the United States Code provides:

"*Actions removable generally* (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

At the time of filing Petition and Bond, as provided by another statute,[4] jurisdictional amount and diversity[5] existed, and the cause is properly removed to this Court, no further procedure[6] being necessary either to remove or to give this Court jurisdiction, the particular division of the Eastern District of South Carolina encompassing Florence County, South Carolina, and others.[7] Since the change in parties reflected a change in the nature of the action, the test of diversity had to be met with regard to the parties that now exist.[8]

Plaintiff, opposing removal and seeking remand, moves also to reduce his prayer, or demand, to less than Ten Thousand Dollars. Defendant does not oppose the reduction, contends such is insufficient to defeat or divest jurisdiction. Again referring to Wright on Federal Courts, at page 89, we find:

A * * * device for defeating removal is to assert a claim for just less than the amount in controversy required for federal jurisdiction. The court will look to the amount actually claimed, not the amount which might have been claimed. Where the claim which could be made is for far more than the jurisdictional amount required, this device is a very expensive way of buying whatever tactical advantage there may be in remaining in state court. If the plaintiff is willing to pay this price, he must do so from the beginning. A reduction in the amount claimed after the suit has actually been removed will not defeat jurisdiction.

This case is distinguishable from those cases where the want or lack of jurisdiction appears with such legal certainty as

1. As required by Title 28 U.S.C. § 1331.

2. See Title 28 U.S.C. § 1332 as to diversity of citizenship.

3. Wright on Federal Courts (1963) p. 256, citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

4. Title 28 U.S.C. § 1446.

5. See notes 1 and 2, supra.

6. Title 28 U.S.C. §§ 1447, 1448.

7. Title 28 U.S.C. § 121.

8. See Grady v. Irvine, 4 Cir., 254 F.2d 224, Cert. den., 79 S.Ct. 30, 358 U.S. 819, 3 L.Ed.2d 60.

to give the court no discretion as to dismissal or remand.[9] The fact that the verdict in the State Court was only Five Hundred Dollars has no bearing in the light of the granting of the new trial by the state trial judge.

It was pointed out in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, that events occurring subsequent to removal of cause from state to Federal District Court reducing amount recoverable below requisite amount, whether beyond plaintiff's control or the result of his volition by stipulation, affidavit, or amendment of his pleadings, do not oust District Court's jurisdiction once it has attached.

In a tort action for $25,000.00 brought in state court and removed to federal court by defendant it was held that action could not be removed on plaintiffs' petition to the state court following motion filed in state court to reduce claim to $9,000.00, in absence of showing that motion to reduce had been allowed by state court prior to filing of plaintiffs' motion to remand. Corcoran v. Pan Am. World Airways, Inc., (D.C.Mass.1961) 194 F. Supp. 840.

Likewise Fleetwood v. Milwaukee Mechanics Ins. Co., (D.C.Mo.1950) 88 F. Supp. 474, held that where at time a defendant took steps to remove case to federal court, complaint showed that amount in controversy was adequate to confer jurisdiction on federal court, and thereafter plaintiffs sought to amend complaint so as to reduce amount in controversy, motion to remand on ground that amount in controversy was insufficient would be denied.

■ In the light of these authorities, this Court has no right to remand. Plaintiff may reduce his prayer and shall so formerly state to the Clerk of this Court, in writing, with notice to defendant.

Plaintiff asks, in lieu of remand, for voluntary dismissal without prejudice. Rule 41(a) (2) of the Federal Rules of Civil Procedure provides:

*"By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

■ No counterclaim was filed and there has been no showing of prejudice other than the costs incurred by defendant. The dismissal, therefore, is in the discretion of the Court.[10]

■ A plaintiff generally has the right to a voluntary dismissal, upon the payment of the defendant's costs, unless it appears that the defendant would suffer from plain legal prejudice other than the mere prospect of a second lawsuit. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849.

What is meant by plain legal prejudice? The Courts have said that if the defendant loses a substantial right by the dismissal, the same should not be granted. Home Owners' Loan Corporation v. Huffman, (8 CA 1943) 134 F.2d 314. In that case the following statement was made:

"If it were demonstrated that the defendant would lose the advantage

9. See Wilderman v. Ruth, D.C., 9 F.2d 637.

10. Rollison v. Washington Nat. Ins. Co., 4 Cir., 176 F.2d 364; Grivas v. Parmalee Transp. Co., 7 Cir., 207 F.2d 334; Young v. Wilky Carrier Corp., 3 Cir., 150 F. 2d 764.

which it now has by a change of forum that might be reason for holding that the court abused its discretion by permitting a dismissal without prejudice even had terms been imposed. In speaking of the result of a dismissal without prejudice by a plaintiff for the purpose of beginning a suit in another court, Judge Learned Hand in Young v. Southern Pac. Co., 2 Cir., 25 F.2d 630, 632, said: ' * * * one court is as good as another. But the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice, quite as much as, and indeed more than, the expense and delay in trying the suit up to decree, or even the failure of a cross-bill.' "

■ Defendant argues that dismissal would prejudice its rights heretofore noticed as to the production of certain documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.[11] The Court therefore finds it proper, for protection of defendant that the production of such documents be a prerequisite to a voluntary dismissal without prejudice; under such circumstances defendant can lose no substantial right by the dismissal.

The Court finds that the answers to interrogatories 2, 3, 6, 9, 14, 16 and 17, of those propounded August 26, 1964, will suffice to comply with the provisions of this paragraph.

■■ It is well settled that the Court in granting a motion such as this has a right to do so under certain terms and conditions. These terms and conditions are for the protection of the rights of the defendant. Home Owners' Loan Corporation v. Huffman, supra. The word

"costs" is often used in connection with the conditions imposed on the plaintiff in the granting of such a motion. Terms and conditions are not limited to taxable costs but may include compensation for all the expenses to which the defendant has been put including attorney fees as well as others costs and disbursements. Home Owners' Loan Corporation v. Huffman, supra, New York, C. & St. L. R. Co. v. Vardaman, (8 CA 1950) 181 F.2d 769, Barnett v. Terminal R. Ass'n. of St. Louis, (8 CA 1953) 200 F.2d 893, cert. den. 73 S.Ct. 938, 345 U.S. 956, 97 L.Ed. 1377.

■ It appears clear from the foregoing cases that attorney fees can be granted, but that a failure to grant the same will not be considered an abuse of discretion. The Fourth Circuit case of Cone v. West Virginia Pulp & Paper Co., supra, seems to indicate, however, that the payment of costs is a prerequisite to the granting of such a motion, and it may be argued that the term "costs" used in that Fourth Circuit case includes attorney fees.

■ Defendant has submitted certain itemized costs as follows:

| | |
|---|---|
| Attorneys' fees | $400.00 |
| Costs advanced: | |
|   Retail Credit Company | 29.80 |
|   Marlene Little (expenses) | 40.00 |
|   Maud W. Rogers, Court Reporter | 63.45 |
|   Thomas A. Cauthen (filing removal papers) | 15.00 |
|   Miller, Arthur & Gregg (removal bond) | 10.00 |
|   Telephone tolls | 14.63 |
| | $572.88 |

Payment of such are a prerequisite to voluntary dismissal without prejudice, as are payment of all other costs incurred in this Court as itemized by the Clerk thereof.

---

11. Rule 34 provides for discovery and production of documents and things for inspection, copying, or photographing.

The State discovery procedures are much more restrictive than the Federal.

Compliance with the prerequisites for voluntary dismissal by plaintiff shall be had on or before December 1, 1964, in order that the orderly processes of this Court may follow.

And it is so ordered.