HUDSON ENGINEERING COMPANY
(a corporation)
and
Automated Marine Systems, Ltd. (a
Corporation), Plaintiffs,

v.

BINGHAM PUMP COMPANY, a Division
of Guy F. Atkinson Company (a
corporation), Defendant.

No. 64 Civ. 3811.

United States District Court
S. D. New York.

April 10, 1969.

Gifford, Woody, Carter & Hays, New York City, by Martin Fleit, Washington, D. C., of counsel, for Hudson Eng. Co.

Pincus, Bernstein & Seeman, New York City, for Automated Marine Systems, Ltd.

Brumbaugh, Groves, Donohue & Raymond, New York City, by Joseph D. Garon, New York City, of counsel, for defendant.

OPINION

EDELSTEIN, District Judge.

This suit involves various claims of patent infringement, unfair competition,

antitrust violations, and unlawful interference with business relationships. It is before this court on a motion brought under Rule 41(a) (2) F.R.Civ.P.[1] by one of the plaintiffs, Hudson Engineering Co. (Hudson), and by defendant Bingham Pump Co. (Bingham) for a voluntary dismissal with prejudice of the action as between Hudson and Bingham. The motion was brought after a settlement had been reached by the moving parties in which they disposed of all of the controversies and disputes existing between them in this action. The other plaintiff, Automated Marine Systems (Automated), has objected to the dismissal on the ground that it would seriously prejudice further effective prosecution of this action by it.

It is clear that motions brought under Rule 41(a) (2) for the voluntary dismissal without prejudice of an action are addressed to the discretion of the court.[2] In support of its motion, however, citing Smoot v. Fox, 340 F.2d 301 (6th Cir. 1964), Hudson argues that when a motion is brought for voluntary dismissal with prejudice the court has no discretion and must grant the motion.

But it is not certain that Smoot v. Fox, *supra*, in fact stands for the proposition that in no event does a district court have discretion when considering a motion to dismiss voluntarily an action with prejudice. In Smoot the grant of the plaintiff's motion for a voluntary dismissal with prejudice would have disposed of all aspects of the action. The case's precise holding was simply that in denying the plaintiff's motions to dismiss his actions with prejudice, the district court had committed an abuse of its discretion. Accordingly, to prevent the conduct of an unnecessary trial mandamus would be granted ordering the lower court to grant a dismissal of plaintiff's actions. Further, in the only subsequent opinion which cites Smoot in connection with the point in issue,[3] the court there granted a motion brought under Rule 41(a) (2) to dismiss with prejudice one of the plaintiff's causes of action, but not without first considering the defendant's position in opposition to the motion.

It must be remembered that the purpose of Rule 41(a) "was to eliminate the evils resulting from the unqualified right of a plaintiff to take a voluntary nonsuit at any stage of the proceeding before pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights." Stevenson v. United States, 197 F.Supp. 355, 357 (M.D.Tenn. 1961); *accord* McCann v. Bentley Stores, Corp., 34 F.Supp. 234 (W.D.Mo.1940). To this end, in order to prevent voluntary dismissals that unfairly affect the other side, Alamance Industries, Inc. v. Filene's, *supra*, at 146–147, the Rule should be interpreted as requiring the exercise of discretion by the courts in all cases arising under it, especially when, as here, the litigation is at an advanced stage and the grant of a dismissal would not finally determine the suit as between all of the parties that are involved in it. This view is supported by the fact that Rule 41(a) (2) itself permits a court in all instances to condition the grant of a dismissal so as

1. "Rule 41(a) (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2. E.g., Johnston v. Cartwright, 355 F.2d 32 (8th Cir. 1966); Alamance Industries, Inc. v. Filene's, 291 F.2d 142 (1st Cir.) cert. denied 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961); Klar v. Firestone Tire & Rubber Co., 14 F.R.D. 176 (S.D. N.Y.1953).

3. Routed Thru-Pac, Inc. v. United States, 401 F.2d 789 (Ct. of Claims 1968).

to safeguard the rights of all of the parties to the suit.[4]

■ Of course in exercising its discretion and in determining whether any of the parties would be prejudiced by a dismissal, the court should consider the fact that a dismissal with prejudice has the effect of a final adjudication of the merits and is thus a bar to future suits brought by the plaintiff upon the same cause of action. E. g., Glick v. Ballentine Produce, Inc., 397 F.2d 590 (8th Cir. 1968); Olsen v. Muskegon Piston Ring Co., 117 F.2d 163 (6th Cir. 1941).

■ In the case at bar, plaintiff Automated has opposed the dismissal of Hudson's action against Bingham on the sole ground that its further prosecution of the action would be prejudiced as follows: At the start of the suit the two plaintiffs were represented by the same counsel, but after approximately one year had elapsed, present counsel for Automated was substituted because of a conflict of interest existing between Automated and Hudson. After that substitution Automated's counsel, on the theory that for purposes of this suit the interests of Automated and Hudson were identical, assumed a passive role and did not participate in the ensuing steps in the litigation. As a result Automated's present counsel is without copies of the records of the various discovery proceedings that have occurred and is also without copies of the documents that were submitted in connection therewith. Further, many of the witnesses that will be required at the trial are employees of Hudson, a New Jersey corporation, and they neither reside nor work in New York.

It is clear, however, that Automated was at all times given ample opportunity to participate in all pretrial proceedings. Moreover, Automated itself has argued in the alternative that its interests could be protected here, despite a dismissal, if a suitable protective order were imposed. Automated has proposed the elements of such an order and Hudson has not seriously objected to them. After considering the competing claims made by the parties here this court finds that this course would afford the fairest resolution of this motion. Accordingly, the motion for dismissal of the action with prejudice between Hudson and Bingham is granted on condition that Hudson comply with the following:[5]

1. Hudson shall furnish to Automated, at Automated's expense, those copies of all of the transcripts in its possession relating to the pretrial proceedings held in this action;

2. Both Hudson and Bingham shall furnish to Automated all documents produced by them in connection with this suit;

3. Hudson shall make available to Automated, at Automated's expense, any other information related to this action which Automated may reasonably request; and

4. Hudson shall make available at the trial and for interviews prior to the trial, for Automated's benefit and at Automated's expense, those of its employees who may reasonably be requested to appear by Automated.[6]

So ordered.

---

4. See Pacific Vegetable Oil Corp. v. S/S Shalom, 249 F.Supp. 503 (S.D.N.Y.1966) for an extended discussion in a different context of a court's discretion when considering a motion for a voluntary dismissal.

5. *See* Eaddy v. Little, 234 F.Supp. 377 (E.D.S.C.1964).

6. As to the power of the court to grant a dismissal as between only some of the parties to the suit, see Southern Electric Generating Co. v. Allen Bradley Co., 30 F.R.D. 135 (S.D.N.Y.1962); Broadway & Ninety-Sixth Street Realty Corp. v. Loew's Inc., 23 F.R.D. 9 (S.D.N.Y.1958). *Accord* 5 Moore, Federal Practice ¶ 41.06.