Marta **CHACON**, Plaintiff,

v.

Alfred **EZEKIEL**, an individual,

and

**Inter–Ocean Corporation**, a Florida corporation, Defendants.

No. 95–699–Civ.

United States District Court, S.D. Florida.

Feb. 13, 1997.

Rick S. Cullen, Law Offices of Rick S. Cullen, Boca Raton, FL, for Plaintiff.

Michael H. Wolf, North Miami Beach, FL, for Defendants.

### ORDER DENYING DEFENDANTS' VERIFIED MOTION FOR ATTORNEY FEES

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant's Verified Motion for Attorney Fees, filed April 17, 1996, (D.E.# 12), Defendant's Motion To Tax Costs, filed April 17, 1996 (D.E.# 11) and Plaintiff's Motion for Rule 11 Sanctions, filed May 25, 1996, (D.E.# 16).

### Background

Plaintiff commenced an action in the Circuit Court for Dade County, Florida against both Defendants alleging violation of Title VII of the Civil Rights Act of 1964 and the Florida Human Rights Act of 1977. Plaintiff filed an Amended Complaint in the Dade County Circuit Court on March 15, 1995.

On March 30, 1995, Defendants filed their Notice of Removal to the United States District Court, Southern District of Florida. Defendants filed a Motion to Dismiss the Amended Complaint on April 14, 1995. On April 17, 1995, Plaintiff filed a Motion for Remand. This Court entered an order denying Plaintiff's Motion for Remand on January 16, 1996. The Plaintiff subsequently filed a Voluntary Dismissal Without Prejudice, and this Court entered an Order of Dismissal on March 18, 1996.

Defendant now seeks attorney fees pursuant to the Civil Rights Act of 1964, as Amended 42 U.S.C. § 2000e–5(k), which provides: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fees ... as part of the costs ..." Defendants argue that the Plaintiff's Title VII action was frivolous, unreasonable or without foundation, because the Plaintiff, as required by both Title VII of the Civil Rights Act of 1964 and the Florida Human Rights Act of 1977, failed to pursue proper administrative remedies prior to the commencement of this court action. Defendants include as exhibits to their Motion the "Right to Sue" letters issued by both the EEOC and the Metropolitan Dade County Equal Opportunity Board. Both letters indicate that Plaintiff's discrimination charges were untimely filed. Defendant asserts that this constitutes evidence of Plaintiff's failure to meet a condition precedent to the filing of her lawsuit. Therefore, Defendants argue, this Court may fairly conclude that Plaintiff's action was brought without foundation even though not brought in bad faith.

Plaintiff contends that Defendants' motion is inappropriate in that the case was voluntarily dismissed by Plaintiff pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and not adjudicated upon the merits by the Court. Plaintiff asserts that she filed her Notice of Voluntary Dismissal as a matter of right.

### Analysis

Under 42 U.S.C. § 2000e–5(k), the court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs" of a Title VII action. In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court declared that a prevailing Title VII defendant may be entitled to attorney's fees only in very narrow circumstances. *See Sullivan v. School Board of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir.1985). The *Christiansburg* Court described those circumstances as those in which "a district court ... find[s] that the plaintiff's action was frivolous, unreasonable or without foundation ... or that the plaintiff continued to litigate after it clearly became so." *Christiansburg,* 434 U.S. at 421–422, 98 S.Ct. at 700–01. Thus, this court has the discretion to award Defendant attorney's fees in this case only if: (1) Defendants are "prevailing

parties", and (2) Plaintiff's suit was frivolous, unreasonable or without foundation, or Plaintiff continued to litigate after it became clear that her suit was frivolous unreasonable, or without foundation.

First, the court must determine whether Defendants are "prevailing parties." The Supreme Court, in interpreting Section 706(k), has distinguished between prevailing Title VII plaintiffs and prevailing Title VII defendants. While prevailing Title VII plaintiffs may be awarded attorneys' fees in "all but very unusual circumstances," *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975), prevailing Title VII defendants may only be awarded attorneys' fees in instances where the court finds the plaintiff's claim to be frivolous, unreasonable or groundless. *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 700–01. Similarly, while a prevailing Title VII plaintiff is entitled to attorneys' fees "unless special circumstances would render such an award unjust," *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), a prevailing Title VII defendant is not entitled to attorneys' fees unless the court determines the plaintiff's claim to be without foundation. *See Marquart v. Lodge 837,* 26 F.3d 842, 848 (8th Cir.1994).

In *Marquart,* the defendant moved for summary judgment on the grounds that Plaintiff's claim of discrimination was time-barred because Marquart allegedly failed to file her complaint within the ninety day limitations period provided in 42 U.S.C. § 2000e–5(f). *Marquart,* 26 F.3d at 846. The Court denied the Motion. Subsequently, Plaintiff moved to voluntarily dismiss her complaint. The Court granted the motion, but permitted application for costs and fees. Defendant made such an application, which the Court granted in part. On appeal the Eighth Circuit reversed the District Court's award of attorneys' fees, holding that in order to obtain prevailing party status, a defendant must be able to point to a judicial declaration to its benefit. *Marquart,* 26 F.3d at 852.

In the instant case, Defendants argue that the Defendants in *Marquart* were not deemed to be prevailing parties when the Plaintiff filed for dismissal only because there was no showing within the pleadings that the filing was frivolous and unreasonable. *Defendants' Reply Memorandum,* at 2. They contend that such a showing is made within the pleadings of this case. This Court disagrees. The Court did not adjudicate the case on the merits prior to Plaintiff's electing to dismiss her claims pursuant to Fed. R.Civ.P. 41. Therefore, Defendant cannot be deemed a prevailing party for purposes of 42 U.S.C. § 2000e–5(k).

Since Defendants are not prevailing parties it is immaterial whether Plaintiff's suit was frivolous, unreasonable, or without foundation, and thus the Court will not address that issue.

### Conclusion

Defendants are not "prevailing parties" for purposes of 42 U.S.C. § 2000e–5(k). Accordingly, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion for Attorney's Fees and Defendant's Motion To Tax Costs are DENIED. Plaintiff's Motion for Rule 11 Sanctions is also DENIED.