**Frank YORK, Plaintiff,**

v.

**FERRIS STATE UNIVERSITY, the Board of Trustees for Ferris State University, John Thorp, Sue Hammersmith and Teshome Abebe, jointly and severally, Defendants.**

No. 1:98–CV–248.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 21, 1998.

Glen N. Lenhoff, Glen N. Lenhoff Law Offices, Flint, MI, for plaintiff.

Robert M. Vercruysse, Gary S. Fealk, Vercruysse, Metz & Murray, P.C., Bingham Farms, MI, for defendants.

## *OPINION*

QUIST, District Judge.

Plaintiff, Frank York ("York"), filed this suit against his former employer, Ferris State University ("FSU"), the Ferris State University Board of Trustees, John Thorp ("Thorp"), Sue Hammersmith ("Hammersmith"), and Teshome Abebe ("Abebe"), alleging claims of reverse race discrimination under 42 U.S.C. § 1983 and the Michigan Elliott–Larsen Civil Rights Act ("Elliott–Larsen"), M.C.L. §§ 37.2101 to 37.2802. On November 4, 1998, the Court heard oral argument on York's Rule 41(a)(2) Motion for Voluntary Dismissal With Prejudice and Without Costs or Attorneys fees, Defendants' Motion for Sanctions Under 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927, York's Motion for Sanctions Against Defendants Under 28 U.S.C. § 1927, and Defendants' Motion to Strike Affidavit of Glen Lenhoff. During the hearing, the Court orally granted York's motion to dismiss with prejudice and took the remaining motions under advisement. Following the hearing, the Court entered an Order consistent with its rulings during oral argument. Thereafter, York filed a post-hearing brief and Defendants filed a Motion to Clarify and/or Correct November 6, 1998 Order and a Motion to Strike York's post-hearing brief. This Opinion will dispose of all remaining motions.

### *Facts and Procedural History*

York, a white male, was employed by FSU for several years as an assistant professor in the Department of Social Sciences. In 1995 and 1996, York applied for teaching positions in FSU's sociology department. York's application was rejected both times. York filed this case alleging that FSU denied him a teaching position on the basis of his race.

On March 25, 1998, Defendants moved to dismiss York's complaint, in part, on the basis that his § 1983 claim did not name the individual defendants in their individual capacities and, therefore, was barred under *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) because it was a suit against the state. In response, York moved to amend his complaint to name the individual defendants in their individual capacities, and on May 20, 1998, the Court granted York leave to amend his complaint. York then filed his first amended complaint. On June 1, 1998, Defendants moved to dismiss the first amended complaint on the same grounds as the prior motion, except that Defendants also raised the statute of limitations as a ground for dismissal.

The Court held oral argument on Defendants' motion to dismiss on August 10, 1998. During the hearing, the Court indicated that York's complaint was deficient because he failed to allege a prima facie case of reverse discrimination but, based upon York's counsel's representations that she had direct evidence of discrimination, granted York leave to file a second amended complaint. Following the hearing, the Court entered an Order granting and denying the motion in part. With regard to the motion to dismiss for failure to state a claim, the Court granted the motion and ordered that

Plaintiff shall file an amended complaint within twenty-one (21) days from the date of this Order, in which Plaintiff shall allege the specific instance(s) of discrimination and, if Plaintiff is relying upon direct evidence of discrimination, the direct evidence supporting his claim. Otherwise, Plaintiff shall plead the elements of a prima facie case of discrimination through circumstantial evidence and the facts supporting such claim.

(Aug. 10, 1998, Order at 1–2.) The court also denied the motion on the statute of limitations argument without prejudice and took Defendants' arguments with respect to indi-

vidual liability under § 1983 and Elliott–Larsen under advisement. (*See id.* at 2.)

The following day, Defendants' counsel deposed York. York filed his second amended complaint on August 17, 1998, and Defendants moved to dismiss and/or for summary judgment on September 1, 1998. In a telephone conversation held on September 20, 1998, York's counsel advised Defendants' counsel that York was willing to dismiss the case with prejudice and without costs. Having not heard back from Defendants counsel regarding the dismissal, York filed a motion for voluntary dismissal pursuant to Fed. R.Civ.P. 41(a)(2) on September 22, 1998. Defendants' counsel subsequently informed York's counsel that they would not agree to a voluntary dismissal without an award of attorney fees. For that reason, York filed a motion for sanctions under 28 U.S.C. § 1927 against Defendants' counsel for unreasonably multiplying the litigation by refusing to agree to the voluntary dismissal.

### Discussion

### I. Defendants' Motion for Clarification

At the November 4, 1998, hearing, the Court advised the parties that it was granting York's motion to dismiss with prejudice. Under binding Sixth Circuit precedent, where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion. *See Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964) (per curiam) ("*Smoot I* "). The Court did not condition the dismissal upon entry of a judgment as Defendants requested because, as this Court reads it, *Smoot* does not require or permit such a result. The Order dismissing York's claims with prejudice also did not condition dismissal upon payment of attorneys fees, because the Court found it appropriate to treat Defendants' request for fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 as a separate motion.

The Order also did not condition dismissal upon York's answering Defendants' outstanding interrogatory because there was no basis for imposing such a condition. The cases cited by Defendants in support of their requests, *Eaddy v. Little,* 234 F.Supp. 377 (E.D.S.C.1964) and *Hudson Engineer-*

*ing Co. v. Bingham Pump Co.,* 298 F.Supp. 387 (S.D.N.Y.1969), did not support Defendants' request. In *Eaddy,* the dismissal was without prejudice. *See* 234 F.Supp. at 381. In *Hudson Engineering,* the plaintiff's voluntary dismissal with prejudice did not terminate the suit because a second, non-dismissing plaintiff still had claims against the remaining defendant. The non-dismissing plaintiff objected to dismissal with prejudice because its counsel was without copies of records produced through discovery that would enable it to prosecute its claims against the remaining defendant. *See* 298 F.Supp. at 389. To accommodate the non-dismissing plaintiff, the court ordered the dismissing plaintiff and the dismissed defendant to provide copies of discovery documents to the non-dismissing plaintiff. *See id.* The potential for further litigation in *Eaddy* and the claims between the remaining parties in *Hudson Engineering* provided sufficient grounds for ordering the plaintiffs in those cases to provide discovery which might be used in future litigation of the claims asserted in those cases. The same considerations are not present where, as here, the dismissal is with prejudice and the case is terminated. Also, in *Stevenson v. Missouri Pacific Railroad Co.,* 53 F.R.D. 184 (E.D.Ark.1971), which likewise involved a voluntary dismissal without prejudice, the court did not require the plaintiff to answer outstanding discovery, but rather conditioned dismissal on the plaintiff's agreement "that any discovery materials assembled up to [that] time [could] be used freely in any subsequent litigation involving the same parties and subject matter...." *Id.* at 186. Therefore, to the extent Defendants are requesting the Court to alter, rather than simply clarify the Order, the motion will be denied.

### II. Motion to Strike York's Post–Hearing Brief

Defendants are correct that York filed a post-hearing brief without leave of the Court to do so. However, the Court will treat Defendant's brief in support of their motion to strike as their response to Plaintiff's post-hearing brief. Therefore, the motion will be denied.

## III. Motion to Strike Affidavit of Glen Lenhoff

■ Defendants have moved to strike the affidavit of Glen Lenhoff pursuant to Fed. R.Civ.P. 12(f) or, in the alternative, under Fed.R.Evid. 408. Rule 12(f), by its express terms, applies only to "pleadings." An affidavit is not a "pleading." *See Sellers v. Henman*, 41 F.3d 1100, 1101 (7th Cir.1994); *Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 368 (D.Mont.1977) (mem.op.). Thus, Rule 12(f) provides no basis for the motion.

■ Defendants also contend that the affidavit should be stricken under Fed.R.Evid. 408, which provides that evidence of settlement discussions is "not admissible to prove liability for or invalidity of the claim or its amount." However, the plain language of Rule 408 indicates that it does not apply to conversations which are not offered to prove a defendant's liability or the invalidity of a plaintiff's claim. *See, e.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir.1982) (finding that evidence of settlement discussions was admissible to counter the defendant's contention that it was unaware of the plaintiff's claim prior to suit). In this case, the Lenhoff affidavit was not offered on the issue of Defendants' liability on York's claims, but rather for the purpose of showing Defendants' motives for pursuing an award of attorney fees. Thus, Rule 408 likewise provides no support for the motion. Because Defendants do not object on other grounds, such as hearsay, the motion to strike is without merit and will be denied.

## IV. York's Motion for Sanctions Pursuant to § 1927

■ In response to Defendants' request for an award of fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, York has moved for sanctions against Defendants under § 1927 on the basis that Defendants unreasonably and vexatiously multiplied this proceeding by refusing to stipulate to dismissal with prejudice and without attorneys fees. A defendant who believes that a plaintiff has brought a frivolous or groundless claim should not be precluded from seeking attorney fees as permitted by statute solely because a plaintiff decides to dismiss his suit, which may or may not have been frivolous. York has cited no authority to support his position, and in the absence of specific authority, the Court finds no basis for imposing sanctions on Defendants for taking a reasonable position on attorney fees. Therefore, the motion will be denied.

## V. Defendants' Request for Attorney Fees

### A. Attorney Fees Under § 1988

■ Courts frequently require plaintiffs to pay defense costs as a condition of dismissal without prejudice because a dismissal without prejudice does not preclude the plaintiff from initiating the same action against the defendant. *See DWG Corp. v. Granada Inv., Inc.*, 962 F.2d 1201, 1202 (6th Cir.1992); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) ("*Smoot II*") In contrast, where the plaintiff voluntarily dismisses the case with prejudice, attorney fees may only be awarded "where exceptional circumstances call for their allowance in order to do justice" or "where they are specifically authorized by statute or provided for by agreement between the parties." *Smoot II*, 353 F.2d at 832.

Defendants contend that they are entitled to an award of attorney fees under 42 U.S.C. § 1988, which provides that in cases brought pursuant to § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). The Court must therefore determine whether Defendants may be considered prevailing parties under § 1988 when the case has been dismissed voluntarily by the plaintiff with prejudice pursuant to Rule 41(a)(2).

■ Attorney fees may be awarded to prevailing defendants under § 1988 only when the plaintiff's claim "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).[1]

---

1. The prevailing party standard for defendants enunciated in *Christiansburg*, a Title VII case,

With respect to attorney fee awards to defendants in civil rights actions, the Sixth Circuit has observed that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986). In contrast, attorney fees are almost always awarded to prevailing civil rights plaintiffs except where special circumstances exist. *See Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 182 (6th Cir.1985).

Relatively few cases have addressed the issue of whether a defendant may be considered a prevailing party under § 1988 when the plaintiff voluntarily dismisses his claim with prejudice. York cites *Hughes v. Unified School District # 330, Wabaunsee County, Kansas*, 872 F.Supp. 882 (D.Kan.1994) (mem.op.), in which the court held that a defendant may not be considered a prevailing party, by virtue of a voluntary dismissal with prejudice by the plaintiff, unless the defendant obtains a judicial declaration such as an order granting summary judgment. *See id.* at 886–87. The court in *Hughes* followed the Eighth Circuit's decision in *Marquart v. Lodge 837*, 26 F.3d 842 (8th Cir.1994). In *Marquart*, the court held that to be considered a prevailing party within the context of a Rule 41(a)(2) voluntary dismissal with prejudice, a "defendant must prove that a plaintiff's case is frivolous, unreasonable, or groundless," through a "judicial determination of the plaintiff's case on the merits." *Id.* at 852. With respect to the plaintiff's dismissal in that case, the court stated that

> Marquart voluntarily withdrew her complaint with prejudice prior to a judicial determination on the merits. We emphasize that there is not a scintilla of evidence that Marquart voluntarily withdrew her complaint to escape a disfavorable judicial determination on the merits. So far as appears, Marquart's decision to withdraw her complaint voluntarily was a matter of litigation strategy. It is often very difficult to prove hostile work environment cases. The decision to withdraw a com-

plaint with prejudice and to pursue state law claims instead is a legitimate litigation strategy. . . .

*Id.* Applying the holding in *Marquart* to the facts before it, the *Hughes* court held that the defendant was not a prevailing party because it had not obtained a favorable judicial determination on the merits or filed any dispositive motion, the court had not made any ruling on the merits of the plaintiff's claim, and there was no evidence showing that the plaintiff voluntarily dismissed his complaint to avoid an adverse determination on the merits. *See Hughes*, 872 F.Supp. at 888–89. *See also Chacon v. Ezekiel*, 957 F.Supp. 1265, 1267 (S.D.Fla.1997) (citing *Marquart* and finding that the plaintiff's voluntary dismissal without prejudice did not make defendants prevailing parties because the court did not adjudicate the plaintiff's claims on the merits).

Defendants contend that *Hughes*, a decision from another district court, is not binding on this Court. Defendants also argue that this case is distinguishable from *Hughes* because this Court actually ruled on the merits of York's claim when it dismissed his first amended complaint on the basis that it failed to allege the elements of a *prima facie* case of reverse race discrimination. Further, Defendants contend that the facts show that York sought to dismiss his second amended complaint to avoid an unfavorable ruling.

■ In this case, the Court granted Defendants' motion to dismiss because York failed to allege a *prima facie* case of discrimination in his First Amended Complaint. While Defendants maintain that the dismissal distinguishes this case from *Hughes* because the dismissal was a ruling on the merits, they have cited no authority to support their argument and the case law which the Court has reviewed actually indicates that a ruling on a motion to dismiss is not a ruling on the merits. *See, e.g., Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996) (noting that "[a] decision that the plaintiff alleged facts sufficient to survive a motion to

---

also governs attorney fee awards under § 1988. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173,

178, 66 L.Ed.2d 163 (1980).

dismiss is not a ruling on the merits of her allegations"); *Fernandez v. Southside Hosp.*, 593 F.Supp. 840, 844 (E.D.N.Y.1984) (mem. op.) (stating that "even had we addressed [the defendants'] motion and ruled in defendants' favor, assumedly the complaint would have been dismissed for failure to state a claim for relief without reaching the underlying merits and the question of whether the suit was frivolous, groundless, vexatious or brought to harass or embarrass the defendants"). Furthermore, although the circumstances suggest that York moved to voluntarily dismiss his second amended complaint with prejudice to avoid an adverse ruling by this Court on the merits of his second amended complaint, and, although the Court very well may have dismissed the case upon one of the grounds urged by Defendants, the Court cannot conclude that his claims were frivolous, unreasonable, or groundless to merit an award of fees to Defendants.

Defendants cite their arguments made in their motions to dismiss to demonstrate that York's § 1983 claim was frivolous, unreasonable, or groundless. In their first and second motions to dismiss, Defendants argued that York's Elliott–Larsen claims under Counts I and III must be dismissed because York failed to allege a prima facie case of "reverse" discrimination. (*See* Defs.' Br. Supp.Mot. Dismiss Compl. at 5–6; Defs.' Br. Supp.Mot. Dismiss 1st Am.Compl. at 5–6.) Although the Court held that York failed to allege a prima facie case of discrimination under both § 1983 and Elliott–Larsen, Defendants only argued that York had failed to allege a prima facie of reverse discrimination under Elliott–Larsen. Defendants did not seek dismissal of York's § 1983 claims on that basis. In light of Defendants' own failure to recognize and raise the issue under § 1983, the Court finds that York's failure to allege a *prima facie* case in his original and first amended complaints does not render the § 1983 claim frivolous or groundless. In addition, with respect to his second amended complaint, York produced some evidence which tended to show that Defendants' past hiring practices were based, in part, upon racial preferences.

■ Defendants also argued that York's § 1983 and Elliott–Larsen claims were barred by the statute of limitations. The Court did not rule on the motion, but instead denied the motion without prejudice. Based upon the record before the Court, York at least presented some evidence that would support a colorable argument that his § 1983 discrimination claim was not barred by the statute of limitations. Moreover, a dismissal based upon the statute of limitations would not have been a determination on the merits for purposes of determining whether attorney fees should be awarded to Defendants.

Thorp, Hammersmith, and Abebe also argued that they could not be subject to individual liability under § 1983 because York did not allege that they performed any act in their individual capacities. This argument, which Defendants continued to assert despite York's citation to the Supreme Court's decision in *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), which controls the issue, was entirely without merit. In *Hafer*, the Court rejected a defendant's argument that she could not be held individually liable under § 1983 because she was performing official acts within her authority. The Court flatly rejected this argument, stating:

Hafer seeks to overcome the distinction between official- and personal-capacity suits by arguing that § 1983 liability turns not on the capacity in which state officials are sued, but on the capacity in which they acted when injuring the plaintiff. Under *Will*, she asserts, state officials may not be held liable in their personal capacity for actions they take in their official capacity. Although one Court of Appeals has endorsed this view, we find it both unpersuasive as an interpretation of § 1983 and foreclosed by our prior decisions.

*Hafer*, 502 U.S. at 27, 112 S.Ct. at 363 (citation omitted). In *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936 (6th Cir.1990), a case cited by Defendants, Judge Wellford correctly anticipated the holding in *Hafer* when he wrote in his concurring opinion that *Will* does not bar " § 1983 suits against state officials whenever the suits concern *actions* taken in their

official capacities." *Id.* at 943 (Wellford, J., concurring) (italics in original) (rejecting statements in *Rice v. Ohio Department of Transportation,* 887 F.2d 716 (6th Cir.1989), as barring § 1983 suits against individuals for official actions).

Having invested a substantial amount of time and money defending this case, and given the fact that the Court would have likely dismissed York's second amended complaint upon one of the grounds raised by Defendants, Defendants have a reasonable basis for seeking an award of attorney fees under § 1988. Based upon the record, however, the Court cannot say that this was a "truly egregious case[ ] of misconduct." *Jones,* 789 F.2d at 1232. As noted above, York did present some evidence showing that Defendants utilized racial preferences in hiring practices, and his arguments in response to Defendants' other grounds for dismissal were not groundless or frivolous. By seeking a voluntary dismissal with prejudice, York "made the commendable decision not to continue to litigate after it became apparent that he would not be able to meet his burden of proof." *Westmoreland v. J.I. Case Co.,* 714 F.Supp. 397, 398 (E.D.Wis.1989). In this Court's opinion, to grant Defendants attorney fees under these circumstances would be contrary to the purpose of § 1983 as a vehicle for enforcement of civil rights and may, quite possibly, deter future plaintiffs with meritorious discrimination claims from suing Defendants.

### B. Attorney Fees and Costs Under 28 U.S.C. § 1927

■ Defendants also seek an award of attorney fees and costs under 28 U.S.C. § 1927, which provides that:

Any attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A court may impose sanctions under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City Massillon,* 78 F.3d 1041, 1049 (6th Cir.1996) (quoting *Rathbun v. Warren City Sch.,* (*In re Ruben* ), 825 F.2d 977, 984 (6th Cir.1987)). While a finding of bad faith is not necessary under § 1927, *see Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir.1997), an attorney's misconduct "must amount to more than simple inadvertence or negligence that has frustrated the trial judge." *Holmes,* 78 F.3d at 1049. Furthermore, the court's statement in *Jones* that attorney fee awards against losing plaintiffs in civil rights cases "must be limited to truly egregious cases of misconduct" applies to awards under § 1927 as well. *Jones,* 789 F.2d at 1232.

■ Defendants contend that York's counsel knew that the claim was non-meritorious when it was filed, and they are therefore entitled to recover their actual attorney fees and costs in the amount of $45,189.98. While York's original and first amended complaints may have lacked merit, Defendants have not cited any conduct by York's counsel which rises to the level of being egregious. York's counsel responded to the initial motion to dismiss with a motion to file an amended complaint to name the individual defendants in their individual capacities. This was a reasonable response to the motion. Although Defendants had to file a second motion to dismiss, York's counsel did not contribute to that result, as it was the Court that decided not to hear the initial motion.

Defendants also argue that they are entitled to recover their fees and expenses incurred after the August 10, 1998, hearing. Defendants contend that despite the Court's requirement that York plead his direct evidence with specificity, York's counsel failed to identify any direct evidence. For many of the same reasons cited with respect to Defendants' § 1988 fee request, the Court finds that York did not violate § 1927 by filing his second amended complaint. While York continued to pursue his claim, which ultimately may have been dismissed had York not agreed to a voluntary dismissal, his claim was not entirely baseless and he moved to

dismiss with prejudice after determining that he could not prevail on the merits. The Court also notes that Defendants themselves continued to assert a baseless argument for dismissal, namely that the individual defendants could not be sued in their individual capacities for violations of § 1983. Under these facts, sanctions under § 1927 are not appropriate. Thus, the Court will deny Defendants' request for attorney fees and, for the same reasons, deny Defendants' request for costs under Fed.R.Civ.P. 54(d).

### Conclusion

For the foregoing reasons, the Court will deny Defendants' request for attorney fees and costs under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Fed.R.Civ.P. 54(d), Defendants' motion to clarify or correct the November 6, 1998, Order, Defendants' motion to strike York's post-hearing brief, Defendants' motion to strike the affidavit of Glen Lenhoff, and York's motion for sanctions against Defendants pursuant to 28 U.S.C. § 1927.

An Order consistent with this Opinion will be entered.